The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Katherine E. Zienop presiding. Good morning, counsel. This is 4-230721, People of the State of Illinois v. Gerald Allen May. Are counsel ready to begin? Yes. Counsel for the appellant, identify yourself, please, for the record. Yes, this is Vicki Kuros. And would counsel for the appellee identify yourself, please, for the record. This is Courtney O'Connor. Thank you. All right. At this time, Ms. Kuros, you may begin. Good morning, Your Honors. May it please the Court and counsel, I'm Vicki Kuros from the Office of the State Appellate Defender, arguing on behalf of the appellant, Mr. Gerald May, who seeks an outright reversal of his misdemeanor conviction for unlawful display of a registry. This case presents a rare instance where the defense and the state started a point of agreement. The state agrees with Mr. May that the trial court's failure to provide counsel for him before trying him in absentia was reversible error. Now, where we diverge is on the question of what happens next. Mr. May asks for an outright reversal, whereas the state asks for a remand for retrial. Both remedies require this court to decide whether the evidence in the case was sufficient to convict or else double jeopardy bars retrial. To give the state a second opportunity to supply evidence that it failed to muster at the first trial would violate double jeopardy principles. In this case, the state's evidence was legally insufficient to convict Mr. May. He was arrested solely on his uncorroborated statements to Chief Hendel. In fact, that was the theme of the state's closing argument to the jury. The defendant admitted it, so find him guilty. But the law is clear that proof of the corpus delicti cannot rest solely on a defendant's uncorroborated statement. There has to be some independent evidence to support it. Here, there was insufficient evidence to support Mr. May's admission to displaying an unauthorized sticker. The state counters in its brief, and I anticipate here this morning, that Chief Hendel's testimony about what the conservation police told him about the registration plates to the white man, was used to explain police procedure and to corroborate Mr. May's statement. And to prove, thus prove the corpus delicti. But the state's argument is legally untenable. Courts have repeatedly condemned the substantive use of inadmissible hearsay under the guise of explaining police procedure. First, Chief Hendel's hearsay testimony went beyond just explaining police procedure. It went to the very essence of the offense. Hendel did not testify from personal knowledge that he ran the plates and discovered information. Instead, he reported on what the conservation police told him that they did, that they ran the plates and learned some information about them. Now, using out-of-court communications to prove a truth of a matter in controversy is textbook hearsay. And hearsay cannot be used to prove an essential element of the offense. Second, hearsay evidence does not meet the criteria for independent corroborating evidence required to prove the corpus delicti of an offense. Hearsay is inherently unreliable and cannot be used in this way. Again, without some other evidence to corroborate Mr. May's statements, like records from the Secretary of State or bringing in an officer from the Conservation Department, the state failed to prove the corpus delicti here. Again, it's important to remember that this jury trial was held in Mr. May's absence, and no counsel was provided to make sure his constitutional and statutory rights were protected during the proceedings. Without an adversary, the state had heart flange to present its case, and even under these circumstances, they still failed to provide sufficient evidence to convict Mr. May. Therefore, double jeopardy by our retrial in this case, and for these reasons and those argued in the briefs, Mr. May's conviction should be reversed outright. May I answer any questions for the court? Counsel, Deputy Officer Hindall ran the VIN on this number. That combined with his knowledge from the conservation officers that the plate was for a truck, is that still insufficient? Yes, it is. Because again, when he ran the VIN number, it came back to the white van, which is what he stopped. However, again, the information that he had about it not being registered properly, or displaying some other plate belonging to another vehicle, that did not come from personal knowledge at all. That came strictly from the conversation that he had with the conservation police. All right. And you mentioned that they could have called the conservation officer to testify. Was there any other way in which this evidence would have been proper? I believe they could have brought in, laid a foundation for Secretary of State's documents or records, which whatever database is available to the conservation police. I imagine there's a printout there that could be authenticated and could have been brought in. Again, that's not an onerous burden on the state that happens all the time. But it wasn't done in here. And now, again, I've just revealed to the state what it ought to do on remand, which is why double jeopardy would be unfair in this case. Any other questions? No. Thank you very much. Good morning. Wait, please, the court, counsel. I kind of want to start with where counsel ended there. Although we agree here that the court did err by not allowing an attorney to represent a defendant who failed to show at his court appearance, his jury trial appearance, when he was admonished to show, and a whole entire voir dire occurred for the jury, and he still yet did not show that day. As far as the hearsay statements go, we do argue that Officer Hindle's statements were under the explanatory exception hearsay rule, and that he took what the conversation officers told him about the truck license plate on the van and proceeded his police investigation from there. As far as using those as evidence proving the crime, I would argue that even if this court finds that we cannot use those statements as evidence to corroborate the defendant's statements, that he did put those plates on there in order to avoid being pulled over by police. Officer Hindle did also testify that the plates that were on the van expired in 2009. He didn't say he got that information from the conservation officers. He was asked in court by the state when were those plates expired. The defendant was not charged with expired license plates. You're correct, but I'm just saying that he did have personal knowledge of the plates. He was asked when did those plates expire, and he said 2009. So he did have personal knowledge regarding those plates, although I understand expired plates is not the charge here. It was unlawful display. And you agree he did not testify that he personally ran the plates to check their validity? Correct. He did testify he ran the van, and he testified that he had knowledge that the plates were expired in 2009. So as far as that goes, I understand where counsel is coming from. For the state, we also do not think it's fair to allow a defendant who has already been held in contempt of court on this case, who's been very disruptive with the trial court on this case, to also get another, to also just be, his conviction be reversed when he just refuses to show up. The state would very much stand on its feet at this point. Do I have any questions from the court? Justice Stearman, any questions? And Justice Vancel, any other questions? No. We do not, counsel. Okay. I would stay on my brief. Thank you. Thank you very much. Ms. Cross, you have time for rebuttal. You're on mute. Mute. Still on. Okay. Now we can hear you. Thank you. I apologize. Very briefly. Again, the state relies on the explanatory, explanatory exception was again, again, to explain police procedure. But again, that exception is used to just explain why the police took certain actions. The contents of the conversation, the substance of the conversations are not supposed to come in and they cannot be used to substantiate even circumstantially what the other evidence is here, which is again, only Mr. May's admission, which is not enough. As far as the expired, whether there were expired plates or registration, your counsel was correct. He wasn't charged with that. So not even that he committed, there may have been some other violation. That again, so circumstantially does not go to the elements of this particular crime where he was charged with displaying unauthorized plates. And finally, as to the fact of this being a problematic defendant, that's, that's irrelevant to this case. The statute is very clear that when a defendant absence himself, in this case, there was an explanation that Mr. May had provided to the court that he was still and would not be able to appear again, there was actually, but the court did not want to delay the voir dire any longer. So he decided to continue on with trial. And even when you do that, the statute, again, it's clear that a counsel has to be provided. So again, the state agrees that we had an error here. Now the question is, what do we do about it? And it's not about who this defendant is or how problematic he is. It's about whether the evidence was sufficient or not. And again, our position is that it simply was not enough to convict. And to give the state another bite of the apple would be fundamentally unfair and violate principles, double jeopardy. So unless the question, the court has any more questions, I would, I would rest on the briefs. Thank you. I don't see any further questions. All right. Thank you very much. Counsel for your arguments this morning. The court will take the matter under advisement and render a decision in due course for today stands adjourned at this time.